IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 14 2004

CLERK

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

VICTOR MANUEL CHAVEZ,

    Defendant-Movant.

CIV 04-759 JC/KBM
CR 99-541 JC

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Victor Chavez's petition pursuant to 28 U.S.C. § 2255, which is alternatively construed as pursuant to 28 U.S.C. § 2241. *See Doc. 3.* The heart of the matter concerns whether Petitioner's sentence is being computed as I intended. Resolution of the matter is straightforward and, consequently, I hereby revoke the reference to the Magistrate Judge and deny the petition.

When I sentenced Petitioner to seventy-eight months on June 24, 2002, he was serving time on a state conviction, but had been released to federal custody pending resolution of the federal matter. Prior to sentencing, Petitioner's attorney was informed that the Bureau of Prisons would not credit the two years Petitioner had spent in federal custody during the course of the federal proceedings to his federal sentence. Counsel therefore asked that I depart downward to effectuate the "credit." *See United States v. Chavez,* CR 99-541 *(Doc. 104 at 3-4).*

I denied the motion for a downward departure, however, because I could achieve the

same result by both sentencing Petitioner to the low end of the Guidelines range and by having the federal sentence run concurrent to the state sentence pursuant to Guideline 5G1.3(c). *See United States v. Chavez*, CR 99-541 (*Transcript of Sentencing* at 4-8). Indeed, the Bureau of Prisons is computing Petitioner's federal sentence from the date I imposed it, rather than from the date that Petitioner came into federal custody again after completing his state sentence. *See Doc. 7* (attachment: "date computation began . . . 06-24-2002"); *compare* 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.").

The entire petition is based on the mistaken belief that, when he arrived in federal custody in April 2004, Petitioner "was commencing a full 78 month sentence of imprisonment." *Doc. 1* (attached memorandum at 8). Plainly, that is not the case and Petitioner is receiving the benefit I intended.

Wherefore,

**IT IS HEREBY ORDERED** that the reference to the Magistrate Judge is REVOKED pursuant to 28 U.S.C. § 636(b).

**IT IS FURTHER ORDERED** that the § 2255/2241 petition be DENIED and a final order enter concurrently herewith.

SENIOR UNITED STATES DISTRICT JUDGE